## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: | |
| ZAHARIAS J. MCINTYRE and YVETTE A. MCINTYRE, | Case No.   06-11127-RGM (Chapter 13) |
| Debtors. | |
| NAVY FEDERAL CREDIT UNION, | |
| Plaintiff, | |
| vs. | |
| ZAHARIAS J. MCINTYRE and YVETTE A. MCINTYRE, | |
| Defendants. | |

### MEMORANDUM OPINION

THIS CASE is before the court on the presentation of a consent order modifying the automatic stay. Notwithstanding the consent of the debtor, the trustee, and the secured creditor, the court is concerned about a provision in the order. The order provides that the automatic stay will be automatically terminated if a prior trust holder obtains relief from the automatic stay.

This provision is not normally appropriate. No facts have been submitted to the court identifying any other trust holder or the circumstances with respect to the trust holder. While the schedules may provide information, and in this case state that Navy Federal Credit Union is subordinate only to GMAC Mortgage, the proposed consent order is not limited to GMAC Mortgage. More importantly, though, while a default on another deed of trust may be a harbinger of things to come, the court is unwilling in the ordinary case to grant automatic relief without further information and a further hearing.

The order should also limit the effect of the order to one year after the date of entry of the order.  Circumstances change in a chapter 13 plan.  Most relief from stay motions are filed early in the case.  If a debtor survives the first year, the likelihood of the debtor successfully completing his plan improves.  There may well be further unanticipated difficulties in later years of the plan, but because the circumstances are likely to have materially changed, the court is unwilling to extend the modification or beyond a one-year period.

The court further notes that the legal description on the order presented to the court indicates that a reference source was not found.  This appears to be an error having resulted from a template or merge document.

Unless there are other circumstances that indicate that the requested provision is appropriate in this case, the court is unwilling to routinely include such a provision.  *See In re Thomas* 364 B.R. 207 (Bankr. E.D.Va. 2007).

DONE at Alexandria, Virginia, this 12th day of July, 2007.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

David N. Prensky
Robert R. Weed
Gerald M. O'Donnell

13640